UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Derek Mortland, Individually**, | ) |
| Plaintiff, | ) Case No. 1:19-cv-2557 |
| v. | ) |
| **LIGHTS OUT DEVELOPMENTS, LLC,** an Indiana limited liability company, | ) Judge: |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **LIGHTS OUT DEVELOPMENTS, LLC**, an Indiana limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **LIGHTS OUT DEVELOPMENTS, LLC** operates and owns a Baymont by Wyndham Fishers/Indianapolis Area located at 9790 N by NE Blvd, Fishers, IN 46037 in Hamilton County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **LIGHTS OUT DEVELOPMENTS, LLC** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with

the ADA and its regulations, as also described further herein.

7. Plaintiff is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is an avid racing fan and amateur race car driver and frequently attends many of the events in the region and has been a customer as an overnight guest at the property that forms the basis of this lawsuit. During the Plaintiff's stay on February 22-23, 2019 the Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

12. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13. A preliminary inspection of the Baymont by Wyndham Fishers/Indianapolis Area, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

    A. Designated accessible parking lacks required signage, in violation of the ADA whose remedy is readily achievable.

    B. The parking access aisles do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

    C. The passenger loading zone does not have a marked access aisle adjacent to it and on an accessible route, in violation of the ADA whose remedy is readily achievable.

    D. There are ramps within the hotel that do not have required handrails on both sides, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms

    E. There are amenities in the men's room, including a paper towel dispenser and tissue dispenser, mounted above allowable height range, in violation of the ADA whose remedy is readily achievable.

    F. The men's restroom lacks rear and side grab bars around the water closet, in violation of the ADA whose remedy is readily achievable.

    G. The men's restroom waste receptacle is blocking the required clear floor space for a forward approach to the paper towel dispenser, in violation of the ADA whose remedy is readily achievable.

    H. The men's room mirror is mounted above allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

    I. The men's room lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

    J. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

    K. The lobby registration counter does not have a lowered accessible portion for use by

      customers with disabilities, in violation of the ADA whose remedy is readily achievable.

L. There is no fixed pool lift for the swimming pool, in violation of the ADA whose remedy is readily achievable.

M. The breakfast area does not have at least 5% accessible dining surfaces with required clear floor space, in violation of the ADA whose remedy is readily achievable.

N. Some amenities in the breakfast area are located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

O. There are amenities in the fitness room, including paper towels and towel hooks, located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

<u>Designated Accessible Guestroom</u>

P. There is not the required maneuvering clearance at the latch side to exit the guestroom, in violation of the ADA whose remedy is readily achievable.

Q. The lavatories have insufficient knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

R. There is not sufficient maneuvering clearance to access all the guestroom amenities, in violation of the ADA whose remedy is readily achievable.

S. There are amenities, including an electrical outlet, hair dryer, and towels, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

T. The door latch is mounted above allowable reach range, in violation of the ADA whose remedy is readily achievable.

U. The shower sprayer does not have a non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

V. The bathtub lacks a shower bench or removable shower chair, in violation of the ADA whose remedy is readily achievable.

W. The bathtub grab bars placements are not compliant, in violation of the ADA whose remedy is readily achievable.

X. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

Y. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestrooms

Z. Upon information and belief, the hotel lacks the required number of guestrooms equipped with mobility features. A hotel with 140 guestrooms is required to have seven guestrooms equipped with mobility features, including two equipped with roll-in showers.

AA. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, including family rooms, hot tub rooms and suites, which are available only to able-bodied patrons and guests.

Policies and Procedures

BB. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

14. The discriminatory violations described in Paragraph 13 by Defendant **LIGHTS OUT DEVELOPMENTS, LLC** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in

order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The hotel at issue, as owned and operated by **LIGHTS OUT DEVELOPMENTS, LLC**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to

provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. **LIGHTS OUT DEVELOPMENTS, LLC** operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

22. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

23. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an

amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to S. District of Indiana