UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | No. 1:19-cv-2557-JMS-DLP |
| | ) | |
| LIGHTS OUT DEVELOPMENTS, LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORDER

Presently pending before the Court is Plaintiff Derek Mortland's Motion for Default Judgment After Entry of Default and Application for Attorney Fees, Costs, Expert Fees, and Litigation Expenses. [Filing No. 12.] Mr. Mortland asks this Court to enter default judgment in his favor against Defendant Lights Out Developments, LLC ("Lights Out") for its alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*., and the Indiana Civil Rights Law ("ICRL"), Ind. Code § 22-9-1-1 *et seq*., in relation to its operation of the Baymont by Wyndham Fishers/Indianapolis Area hotel located at 9790 N by NE Boulevard in Fishers, Indiana ("the Hotel"). [Filing No. 1; Filing No. 12 at 3-6.] Mr. Mortland seeks damages, injunctive relief, and attorney's fees and costs. [Filing No. 12 at 6-18.] The Court will address each issue in turn.

## I.
### DISCUSSION

### A. Default Judgment

Default is a "two-step process" that is "clearly outlined" in Rule 55(a) and 55(b) of the Federal Rules of Civil Procedure. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). The first step is the entry of default, the consequence of which is that

the well-pleaded allegations in the complaint concerning liability are taken as true.  *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Once the default is established at the first step, the plaintiff must then obtain entry of a default judgment, which requires him to "establish his entitlement to the relief he seeks." *VLM Food Trading Int'l*, 811 F.3d at 255 (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)).

The Clerk entered default against Lights Out pursuant to Federal Rule of Civil Procedure 55(a) on November 1, 2019.  [Filing No. 8.]  Because Lights Out has not answered or otherwise pled to the Complaint, the Court must accept the Complaint's allegations as true.  Nevertheless, the entry of default judgment is only appropriate if these allegations, along with the other evidence submitted, establish a cognizable claim for relief.  *See Franko v. All About Travel Inc.*, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."); *Holland v. Cerberus Capital Mgmt.*, 2014 WL 6473479, at *11 (N.D. Ind. Nov. 18, 2014) ("Precedent supports the principle that default judgment is only appropriate if the well-pleaded allegations, along with any evidence submitted to the court, are sufficient to establish a legal claim."); *In re Wolf*, 595 B.R. 735, 754 (Bankr. N.D. Ill. 2018) ("The Plaintiff must, however, establish that the well-pleaded facts found in the complaint, if taken as true, amount to a legally cognizable claim for relief upon which a judgment may be entered." (citing *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Thomson v. Wooster*, 114 U.S. 104 (1885))).

Here, the Court concludes that the allegations in the Complaint and the other evidence submitted are sufficient to demonstrate that Lights Out is liable for violations of the ADA.  Specifically, Lights Out has failed to ensure that the Hotel complies with Title III of the ADA, the

accompanying regulations, and the requirements of the 2010 ADA Standards for Accessible Design ("the Standards") as alleged in the Complaint.   Mr. Mortland's Motion for Default Judgment is **GRANTED** as to his ADA claim.

As to Mr. Mortland's claim under the ICRL, however, default judgment cannot be entered because he is not legally entitled to relief.  The ICRL creates an administrative review process through which plaintiffs must pursue their claims for civil rights violations before the Indiana Civil Rights Commission ("ICRC").  *See* Ind. Code § 22-9-1-6; *M.C. Welding & Machining Co. v. Kotwa*, 845 N.E.2d 188, 192 n.3 (Ind. Ct. App. 2006) (explaining the review process).   "The administrative process of the ICRL can be bypassed, but only in one narrow circumstance: if both the party making the complaint and the party responding to it agree in writing to have the matter decided in a court of law."  *Vanderploeg v. Franklin Fire Dep't*, 2000 WL 428646, at *2 (S.D. Ind. Apr. 5, 2000) (citing Ind. Code § 22-9-1-16).  "Otherwise, there is no private right of action, and in fact, no cause of action under" § 22-9-1-2.  *Id.*  The exhaustion requirement is jurisdictional. *See Austin Lakes Joint Venture v. Avon Utilities, Inc*., 648 N.E.2d 641, 645 (Ind. 1995) (stating that "the doctrine of exhaustion of remedies[] . . . is jurisdictional"); *Fort Wayne Metro. Human Relations Comm'n v. Marathon Gas Station*, 926 N.E.2d 1085, 1089-90 (Ind. Ct. App. 2010) (concluding that moving the case from the ICRC administrative review process to a court of law without written agreement by the parties constitutes a "procedural error [that] prevents the trial court from exercising its jurisdiction").  Absent any allegation or showing that he exhausted his claim through the ICRC or that Lights Out agreed to have the claim adjudicated in a court of law, Mr. Mortland cannot pursue his claim under § 22-9-1-2 in this Court.  *See Thomas v. Am. Family Mut. Ins. Co*., 2008 WL 4911192, at *5 (N.D. Ind. Nov. 13, 2008) ("The record clearly shows that the parties did not proceed through the administrative process outlined within the Indiana Code.

It also is clear that the parties did not mutually agree through written consent to have this issue decided in a court of law.  Consequently, the [plaintiffs] cannot bring a cause of action against [the defendant] pursuant to Indiana Code § 22-9-1-2."); *Vanderploeg*, 2000 WL 428646, at *2-3. Accordingly, Mr. Mortland's Motion for Default Judgment is **DENIED** as to his claim under the ICRL, and that claim is **DISMISSED without prejudice** for lack of jurisdiction.

### B.  Damages

Mr. Mortland does not seek damages relating to his ADA claim, and indeed he cannot do so because plaintiffs suing under Title III of the ADA may obtain only injunctive relief, not damages.  *See Scherr v. Marriott Int'l, Inc*., 703 F.3d 1069, 1075 (7th Cir. 2013) (noting that "damages are not available under Title III").  And because his claim under Indiana law is not cognizable, damages on that claim are not warranted.

### C.  Injunctive Relief

The ADA provides that, in cases involving a defendant's failure to remove architectural or structural barriers under 42 U.S.C. § 12182(b)(2)(A)(iv), "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by" Title III.  42 U.S.C.A. § 12188(a)(2); *see also* 28 C.F.R. § 36.501(b).  To demonstrate that injunctive relief is appropriate, a plaintiff must show that: (1) he has suffered an irreparable injury; (2) remedies at law, such as monetary damages, are insufficient to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.  *LAJIM, LLC v. Gen. Elec. Co*., 917 F.3d 933, 944 (7th Cir.), *cert. denied*, 140 S. Ct. 58, 205 L. Ed. 2d 44 (2019) (citing *eBay Inc. v. MercExchange, L.L.C*., 547 U.S. 388, 391 (2006)).

4

In his Motion, Mr. Mortland does not specifically address the prerequisites for injunctive relief, perhaps because the statute establishes that injunctive relief is the only possible remedy for his claim.  Nevertheless, the Court will briefly address why injunctive relief is warranted in this case.  *See Lacy v. Cook Cty., Illinois*, 897 F.3d 847, 867 (7th Cir. 2018) (applying the balancing test for injunctive relief to an ADA claim); *see also LAJIM*, 917 F.3d at 944 (noting, in the context of an environmental case, that a court is ordinarily required to conduct the traditional balancing of equities even though injunctive relief is the only available remedy prescribed by statute).

Mr. Mortland's allegations and the other evidence he submitted show that he suffered an injury in that he was subjected to discrimination because the facilities at the Hotel were not in compliance with the ADA and not accessible to him.  This injury is irreparable in the sense that, if no injunction is granted, Mr. Mortland has no other recourse because he may not pursue damages or any other remedy.  *See LAJIM*, 917 F.3d at 945 ("[A]bsent a permanent injunction, a prevailing [Resource Conservation Recovery Act] plaintiff will receive no remedy. The proven harm is, by definition, irreparable absent an injunction.").  Furthermore, while Mr. Mortland would suffer a continued hardship absent an injunction because he would be unable to stay at the Hotel as he plans, the Court can discern no hardship—beyond incurring the costs necessary to bring the facilities into compliance with the law—that will be suffered by Lights Out.  And finally, "[t]he public has a strong interest in eliminating discrimination and in enforcing the ADA," as "[t]hat statute was intended to 'provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" *Vaughn v. Wernert*, 357 F. Supp. 3d 720, 724 (S.D. Ind. 2019) (quoting 42 U.S.C. § 12101(b)(1)); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (noting that, in enacting the ADA, "Congress concluded that there was a 'compelling need' for a 'clear and comprehensive national mandate' to eliminate discrimination

against disabled individuals, and to integrate them 'into the economic and social mainstream of American life.'" (citing the legislative history of the ADA)).  Based on consideration of all of these factors, the Court concludes that permanent injunctive relief is appropriate.

Federal Rule of Civil Procedure 65 governs the content and scope of permanent injunctions.  That rule provides that every order granting an injunction must: "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."  Fed. R. Civ. P. 65(d).  The Seventh Circuit has observed that, while an injunction must state its terms specifically, it must also "be broad enough to be effective, and the appropriate scope of the injunction is left to the district court's sound discretion."  *Russian Media Group, LLC v. Cable Am., Inc.*, 598 F.3d 302, 307 (7th Cir. 2010).

The Court has already outlined why injunctive relief is necessary.  The overarching goal of an injunction in this case is to ensure that Lights Out takes the necessary steps to ensure that the Hotel complies with the ADA and provides all disabled patrons access to facilities to the extent required by law.  To that end, Lights Out is **ORDERED** to modify and/or replace its facilities as necessary to conform with the requirements of the ADA, the accompanying regulations, and the Standards.  This includes but is not limited to addressing each of the violations stated in the Complaint and identified by Mr. Mortland's expert.  [*See* Filing No. 12-2.]  The full terms of the injunction are set forth in the Permanent Injunction entered this day.[1]  Lights Out shall have **120 days** from the date this Order and the accompanying Permanent Injunction are issued to fulfill the

---

[1] To the extent that Mr. Mortland asks that his injunctive relief include a requirement that the Hotel be closed until it complies with the ADA, his request must be rejected because such relief is not provided for in the statute and because he did not ask for it in his Complaint.  *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

requirements of the Permanent Injunction and shall remain subject to this Court's contempt powers. Lights Out is further **ORDERED** to file a Notice with the Court when it has fully complied with the Permanent Injunction.

### D.  Attorney's Fees and Costs

The ADA allows the Court, in its discretion, to award a reasonable attorney's fee, including litigation expenses and costs, to the prevailing party.  42 U.S.C. § 12205.  Mr. Mortland seeks a total of $13,062.20—comprised of $11,147.50 in attorney's fees, $1,500.00 in expert fees, and $414.70 in costs.  [Filing No. 12 at 17-18.]  After considering Mr. Mortland's arguments and the submitted materials, the Court finds that this amount is reasonable and **GRANTS** Mr. Mortland's Application for Attorney Fees, Costs, Expert Fees, and Litigation Expenses.

## II.
### CONCLUSION

Based on the foregoing, Mr. Mortland's Motion for Default Judgment After Entry of Default and Application for Attorney Fees, Costs, Expert Fees, and Litigation Expenses, [12], is **GRANTED IN PART** and **DENIED IN PART** as follows:

- The Motion is **GRANTED** to the extent that the Court finds that Defendant Lights Out is in violation of the ADA in its operation of the Hotel and injunctive relief is appropriate. Lights Out is **PERMANENTLY ENJOINED** and **ORDERED** to bring the Hotel into full compliance with Title III of the ADA, 42 U.S.C. § 12181 *et seq*., its accompanying regulations, 28 CFR § 36.302 *et seq*., and the 2010 ADA Standards for Accessible Design, as described in the Permanent Injunction entered separately this day.  Lights Out is further **ORDERED** to file a Notice with the Court when it has fully complied with the Permanent Injunction.  Failure to comply with the Permanent Injunction will result in Lights Out being held in contempt.

- The Motion is **DENIED** to the extent that Mr. Mortland seeks default judgment on his claim under the Indiana Civil Rights Law, and that claim is **DISMISSED without prejudice** for lack of jurisdiction.

- The Motion is **GRANTED** to the extent that Mr. Mortland is awarded **$13,062.20** in attorney's fees and costs.

Final judgment shall issue accordingly.

Date: 7/1/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail to:**

Lights Out Developments, LLC
C/O Deven Patel, Registered Agent
9790 N BY NE BLVD,
Fishers, IN, 46037